UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

**Case Number:  08-21643-CIV-MORENO**

LIBERTY SEGUARAS, S.A., as Subrogee of ALUMAQ
LOCACAO COMERCIO DE MAQUINAS,

      Plaintiff,

vs.

NOBEL CARGO SYSTEMS, INC.,

      Defendant.

_____/

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

Plaintiff Liberty Seguaras, the subrogee of Alumaq Locado E Commerical de Maquinas

de Solas, Ltd. ("Alumaq"), alleges that Alumaq's 145 units of cargo and welding equipment were

stolen while in Defendant Nobel Cargo Systems' warehouse facility.  Plaintiff paid its insured,

Alumaq, for the stolen cargo.  Thus, Plaintiff brought this action against Defendant for

negligence (Count I) and breach of bailment contract (Count II) to recover the amount it paid its

insured for the stolen cargo.

Defendant moves to dismiss Plaintiff's Amended Complaint for failure to state a claim

for subrogation, moves to dismiss Count I due to the economic loss rule, and moves for a more

definite statement as to Count II.   This Court finds that (1) Defendant's Motion to Dismiss as to

Count I is granted as Plaintiff's claim for negligence is barred by the economic loss rule, and (2)

Defendant's Motion to Dismiss as to Count II is granted as Plaintiff has failed to properly state a

claim for subrogation.  Plaintiff is granted leave to amend (solely as to Count II) to properly state

a claim for subrogation and to cure any remaining defects in its claim for breach of bailment

contract.

## I.  Legal Standard

On a motion to dismiss, the Court must view the complaint in the light most favorable to

the plaintiff.  *Glover v. Ligett Group, Inc.*, 459 F.3d 1304, 1308 (11th Cir. 2006).  "While a

complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual

allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief'

requires more than labels and conclusions, and a formulaic recitation of the elements of a cause

of action will not do."  *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007)

(citations omitted).  A complaint must have "enough facts to state a claim to relief that is

plausible on its face"; if it does not "nudge[] the[] claims across the line from conceivable to

plausible, [it] must be dismissed."  *Id.* at 1974.  Dismissal is appropriate when it appears beyond

doubt that the plaintiff can prove no set of facts that would entitle him to relief.  *Milburn v. U.S.,*

734 F.2d 762, 765 (11th Cir. 1984).

## II.  Legal Analysis

Defendant moves to dismiss Count I of Plaintiff's Amended Complaint for negligence as

Defendant alleges the claim is barred by the economic loss rule.  The economic loss rule bars a

tort action between parties in contractual privity if the only damages suffered are economic

losses.  *Indemnity Ins. Co. of North America v. American Aviation, Inc.,* 891 So. 2d 532, 536

(Fla. 2004) ("The prohibition against tort actions to recover solely economic damages for those

in contractual privity is designed to prevent parties to a contract from circumventing the

allocation of losses set forth in the contract by bringing an action for economic loss in tort.").

Accordingly, courts have held that a tort action is barred where a defendant has not committed a

breach of duty apart from a breach of contract.[1]  *Id.* at 537; *see Perfumeria Ultra, S.A. DE C.V. v. Miami Customs Service, Inc.,* 231 F. Supp. 2d 1218 (S.D. Fla. 2002).  In the instant case, Plaintiff asserts a count for negligence *and* a count for breach of bailment contract.  Plaintiff alleges that Defendant breached a duty of reasonable care by failing to provide adequate security for Alumaq's cargo resulting in the theft of the cargo.  As Plaintiff has not alleged a breach of duty in its negligence count apart from a breach of bailment contract, Plaintiff's claim for negligence is barred by the economic loss rule.  Thus, Defendant's Motion to Dismiss as to Count I is granted.

Defendant moves to dismiss Plaintiff's entire Amended Complaint for failure to allege sufficient facts to state a claim for subrogation.  To state a claim for equitable subrogation, a plaintiff must allege that (1) the subrogee made the payment to protect his or her own interest; (2) the subrogee did not act as a volunteer; (3) the subrogee was not primarily liable for the debt; (4) the subrogee paid off the entire debt; and (5) subrogation would not work any injustice to the rights of a third party.  *Hollywood Lakes Country Club, Inc. v. Community Ass'n Services, Inc.*, 770 So. 2d 716, 718 (Fla. 4th DCA 2000).  In the instant case, Plaintiff merely alleges that "Plaintiff is legally and equitably subrogated to the Claimant, its insured, Alumaq."  Plaintiff's allegations in its Amended Complaint are insufficient to state a claim for equitable subrogation.  Thus, Plaintiff's Amended Complaint must be dismissed with leave to amend (solely as to Count II) to properly state a claim for subrogation.

---

[1]      Exceptions to the economic loss rule have been recognized where there has been personal injury, property damage, fraud in the inducement, professional malpractice, or negligent representation, among other things.  *See Casa Clara Condominium Ass'n v. Charley Toppino & Sons,* 620 So. 2d 1244, 1247 (Fla. 1993)*; see Indemnity Ins. Co. of North America,* 891 So. 2d at 537; *see PK Ventures, Inc. v. Raymond James & Ass.,* 690 So. 2d 1296, 1297 (Fla. 1997).  None of the exceptions to the economic loss rule apply in the instant case.

Finally, Defendant moves for a more definite statement as to Count II of Plaintiff's

Amended Complaint for breach of bailment contract as Defendant alleges that it is unclear

whether Plaintiff's claim is based upon an oral or written bailment contract or common law

bailment.  As Plaintiff's Amended Complaint will be dismissed with leave to amend as stated

above, Plaintiff may cure any remaining defects in its claim for breach of bailment contract.

Thus, Plaintiff may plead the existence of an oral or written bailment contract, common law

bailment, or both in the alternative.[2]  Plaintiff shall file its Second Amended Complaint by no

later than March 13, 2009.


DONE AND ORDERED in Chambers at Miami, Florida, this 20th day of February, 2009.


_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE


Copies provided to:
Counsel of Record

---

[2]       In addition, the Court suggests that Defendant, in its response to Plaintiff's
Second Amended Complaint, also strive to provide a more definite - or straightforward -
statement.  Defendant's statement in its Reply that "Defendant never suggested the existence of a
written contract" is disturbing given that Defendant's Motion to Dismiss states "the cargo of
Alumaq that was held by the Defendant when it was stolen *was the subject of a written
agreement* and a course of dealing between Defendant and Alumaq which set forth the parties'
duties and responsibilities along with limits on those duties and liabilities."